IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SAMMIE SIMPSON,

    Plaintiff,

vs.

UNITED PARCEL SERVICE, INC.
and JOHN DOE,

    Defendants.

Docket No. CT-005643-18

Division No. III

FILED DEC 14 2018
CIRCUIT COURT CLERK
BY _____ D.C.

**JURY DEMANDED**

## COMPLAINT

Plaintiff, Sammie Simpson, by and through counsel, hereby files this Complaint against Defendants, United Parcel Service, Inc. and John Doe, for personal injuries and damages and would respectfully state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Sammie Simpson is an adult resident and citizen of Memphis, Shelby County, of Memphis, Shelby County, Tennessee.

2. Defendant, United Parcel Service Inc. (hereafter "Defendant UPS"), is an Ohio foreign corporation with its principal place of business in Georgia. The Defendant may be served with the process of this Court by serving its registered agent for service of process: Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

1

**Exhibit A**

3. Upon information and belief, John Doe (hereafter "Defendant Doe") is an employee/agent/servant of United Parcel Services, Inc., and was the driver of the vehicle, who was negligent and proximately caused injuries and damages sustained by the Plaintiff.

4. Plaintiff's cause of action arises in tort, as a result of injuries sustained due to the negligent operation of a delivery truck owned by Defendant UPS in Shelby County, Tennessee on or about February 26, 2015. Plaintiff timely filed suit on February 19, 2016 and voluntary nonsuited said suit without prejudice on December 14, 2018. Plaintiff's instant cause of action is thus timely under the operation of T.C.A. §28-1-105.

5. Defendant Doe, the driver of the delivery truck was, at all times relevant to the events herein complained, an employee of Defendant UPS as defined by Tenn. Code Annotated. § 29-20-107.

6. Venue is properly situated in Shelby County pursuant to T.C.A. § 20-4-101.

7. This Court has general jurisdiction of this matter pursuant to T.C.A. § 16-10-101

## FACTS

8. On or about February 26, 2015, Plaintiff was exiting the Summer Trace Apartment complex located at 6015 Summer Trace Drive, Memphis, Tennessee 38134

9. Plaintiff was operating a 2003 GMC Envoy.

10. At the same time, Defendant John Doe, the driver operating a delivery truck owned by Defendant UPS, was backing up into the same complex parking lot.

11. Upon information and belief, Defendant Doe, the driver of the delivery truck bearing the markings "UPS", which was owned by the Defendant UPS, was on or about the business of Defendant UPS at the time of the accident herein complained.

12. Plaintiff noticed the delivery truck backing up at a moderate rate of speed in his direction. Plaintiff stopped his vehicle and attempted to warn the driver, Defendant Doe, by repeatedly honking his horn.

13. The driver of the delivery truck, Defendant Doe, proceeded to back up causing the rear of his vehicle to collide with the front of the Plaintiff's vehicle resulting in damages.

14. At all times pertinent to this Complaint, Defendant UPS was acting through its agent, servant, and employee, specifically, Defendant Doe, and Plaintiff hereby relies on the doctrine of respondeat superior.

15. Defendant Doe was on or about the business of the Defendant UPS at the time of the incident.

16. At all times relevant hereto, Plaintiff alleges that he was exercising care and caution for his own safety and for the safety of others properly on the aforesaid street, and as a direct and proximate result of Defendant Doe, the delivery truck driver's negligence, the Plaintiff suffered serious and severe personal injuries and damages which required medical attention.

**FIRST CAUSE OF ACTION – NEGLIGENCE OF DEFENDANT JOHN DOE**

17. Plaintiff incorporates by reference, as if set forth verbatim herein, the averments in the foregoing paragraphs 1-16.

18. Plaintiff charges and alleges that Defendant Doe is guilty of one, some, or all of the following acts and/or omissions of common law negligence, which were the direct and proximate cause of Plaintiff's injuries, which acts and/or omissions should be imputed to Defendants Doe and UPS, to wit:

    (a) In negligently failing to use that degree of care and caution in the operation of his vehicle as was required of a reasonable and prudent person under the same

  or similar circumstances existing at the time and place of the aforementioned collision;

  (b) In negligently failing to maintain a safe and/or proper lookout;

  (c) In negligently failing to keep his vehicle under proper control;

  (d) In negligently failing to devote full time and attention to the operation of his vehicle;

  (e) In negligently failing to see what was there to be seen;

  (f) In negligently driving too quickly for traffic conditions;

  (g) In negligently driving while distracted;

  (h) In negligently failing to bring and/or keep the vehicle he was operating under proper control when he saw or should have seen, in the exercise of reasonable care, that a collision was imminent;

  (i) In negligently failing to prevent the accident and resulting injuries and property damage of the Plaintiff, when he knew or, in the exercise of ordinary care, should have known that a collision was imminent; and

  (j) Other acts and/or omissions to be shown at the trial of this cause.

19. Defendant Doe failed in the above-mentioned duties and was therefore negligent.

20. Defendant Doe's negligence was the direct and proximate cause of Plaintiff's injuries and property damage.

## SECOND CAUSE OF ACTION – STATUTORY VIOLATIONS OF DEFENDANT JOHN DOE

21. Plaintiff incorporates by reference, as if set forth verbatim herein, the averments in the foregoing paragraphs 1-20.

22. Plaintiff charges and alleges that at the time of the wreck in question, the following

Statutes of the State of Tennessee were in full force and effect and were violated by the Defendant constituting negligence *per se*, which violations should be imputed to Defendants Doe and UPS, to-wit:

### Section 55-8-103. Required obedience to traffic laws – Penalty.

It is unlawful and, unless otherwise declared in this chapter and chapter 10, parts 1-5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title.

### Section 55-10-101. Accident involving death or personal injury

(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close to the scene as possible, but shall then return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of § 55-10-103. The stop shall be made without obstructing traffic more than is necessary. The requirements in this subsection (a) apply to accidents occurring upon highways and the premises of any shopping center, trailer park or any apartment house complex, or any other premises that are generally frequented by the public at large.

### Section 55-8-136. Due Care

(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb, or property.

### Section 55-8-163. Limitations on Backing

(b) The driver of a vehicle shall not back the vehicle unless that movement can be made with reasonable safety and without interfering with other traffic.

23. Plaintiffs charge and allege that Defendant was in violation of certain traffic ordinances of

Shelby County, which were in full force and effect at the time and place of the collision, constituting negligence *per se*, which violations should be imputed to Defendants Doe and UPS, to wit:

> **Section 24-116. - Duty to devote full time and attention to operating vehicle**
> It is unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under the then existing circumstances, endangers life, limb or property.
>
> **Section 24-117. - Duty to drive at safe speed, maintain lookout and keep vehicle under control**
> Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:
>
> > 1. Operate his or her vehicle at a safe speed;
> > 2. Maintain a safe lookout;
> > 3. Use due care to keep his or her vehicle under control.
>
> **Section 24-118. – Driving when view or control obstructed**
>
> > A. No person shall drive a vehicle when it is so loaded, or when there are in the front seat such number of persons, exceeding four, as to obstruct the view of the driver to the front or sides of the vehicle or as to interfere with the driver's control over the driving mechanism of the vehicle.

24. Plaintiffs charge and allege that Defendant was in violation of certain Ordinances of the City of Memphis, which were in full force and effect at the time and place of the collision and applicable as set forth in the City of Memphis Municipal Code, constituting negligence *per se*, which violations should be imputed to Defendants Doe and UPS, to wit:

> **Section 11-16-2. - Duty to devote full time and attention to operating vehicle**
> It is unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under the then existing circumstances, endangers life, limb or property.
>
> **Section 11-16-3. - Duty to drive at safe speed, maintain lookout and keep vehicle under control**
> Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:
>
> > A. Operate his or her vehicle at a safe speed;

6

   B. Maintain a safe lookout;
   C. Use due care to keep his or her vehicle under control.

### Section 11-16-4. – Driving when view or control obstructed

   A. No person shall drive a vehicle when it is so loaded, or when there are in the front seat such number of persons, exceeding four, as to obstruct the view of the driver to the front or sides of the vehicle or as to interfere with the driver's control over the driving mechanism of the vehicle.

25. Plaintiff charges and alleges that one, some, or all aforesaid acts of the violations of the State of Tennessee, Ordinances of Shelby County, and/or violations of Ordinances of City of Memphis were the direct and proximate cause of the collision at issue and Plaintiffs' resulting injuries and property damage to be hereinafter set out with more particularity.

26. Defendant Doe is negligent per se based on these ordinance and statutory violations.

### THIRD CAUSE OF ACTION – VICARIOUS LIABILITY OF DEFENDANT UPS GROUND FREIGHT, INC.

27. Plaintiff incorporates by reference, as if set forth verbatim herein, the averments in the foregoing paragraphs 1-26.

28. Upon information and belief, Defendant UPS was the registered owner of the vehicle being operated by the delivery truck driver, Defendant Doe, at the time of the subject incident.

29. Upon information and belief, Defendant UPS maintained the vehicle being operated by the delivery truck driver, Defendant Doe for the use of business and commercial purposes.

30. Upon information and belief, Defendant UPS furnished and/or gave permission to the delivery truck driver, Defendant Doe, to use the vehicle and was knowledgeable of the delivery truck driver's careless tendencies and thus was negligent in entrusting the operation of the vehicle owned by Defendant UPS, which was the direct and proximate cause of the damages to Plaintiff.

31. Based upon the application of T.C.A. §55-10-311, T.C.A. § 55-10-312, and under the doctrine of respondeat superior, Defendant UPS is vicariously liable for the acts of negligence and negligence per se of the delivery truck driver, Defendant Doe, as set forth above, which proximately caused the subject incident and Plaintiff's resulting injuries and damages.

## FOURTH CAUSE OF ACTION – NEGLIGENCE OF DEFENDANT UPS GROUND FREIGHT, INC.

32. Plaintiff incorporates by reference, as if set forth verbatim herein, the averments in the foregoing paragraphs 1-31.

33. Defendant UPS had a duty to act reasonably in hiring and retaining Defendant Doe and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

34. Defendant UPS failed in the above mentioned duties and was therefore negligent.

35. Defendant UPS's negligence was the direct and proximate cause of Plaintiff's injuries and property damage.

## INJURIES AND DAMAGES

36. Plaintiff incorporates by reference, as if set forth verbatim herein, the averments in the foregoing paragraphs 1-35.

37. Plaintiff charges and alleges that as a direct and proximate result of one, some, or all of the aforesaid acts of common-law negligence, violations of the Statutes of the State of Tennessee, violations of the Ordinances of Shelby County, Tennessee, and/or violations of Ordinances of City of Memphis on the part of the Defendants, that Plaintiff has suffered serious, severe, and great damages, including but not limited to:

a)  Serious and severe personal injuries;

b)  Physical pain and mental suffering;

c)  Permanent injury, impairment, disability, and disfigurement;

d)  Loss of wages and future earning capacity;

e)  Loss of quality and enjoyment of the normal pleasures of life;

f)  Shock and fright;

g)  Medical Expenses of Plaintiff, both past and future, which expenses are hereby itemized pursuant to T.C.A. § 24-5-113(a) and attached to this Complaint as an Exhibit:

| | |
|---|---|
| *OrthoNow, PLLC* | *$505.00* |
| *Delta Medical Center* | *$773.31* |
| *Tri-State Orthopedics* | *$2,655.00* |
| **Total:** | **$3,933.31** |

h)  Medical expenses of Plaintiff, both past and future, which expenses are hereby itemized pursuant to T.C.A. § 24-5-113(b):

| | |
|---|---|
| City of Memphis – EMS | $851.00 |
| Memphis Physicians Radiological Group | $260.00 |
| TN Emergency Physicians | $1,295.00 |
| Cordova Clinic | $5,908.54 |
| Mid-South Pain Treatment Center | $7,354.91 |
| Injury Medical Center of Memphis | $14,272.00 |
| Outpatient Diagnostic Center of Memphis | $1,404.00 |
| St. Francis Hospital | $14,481.19 |
| Christ Community Health | $1,332.90 |

| | |
|---|---|
| Church Health | $168.00 |
| Alliance Healthcare Services | $492.00 |
| **Total:** | **$47,819.54** |

38. As a direct and proximate result of the negligence of the Defendants, Plaintiff lost earnings and earning capacity.

39. As a direct and proximate result of the negligence of Defendants, including the violations of statutes and ordinances covering the operation of motor vehicles within the State of Tennessee, Plaintiff incurred medical expenses and may have to do so in the future due to the residual effects of this incident.

40. As a direct and proximate result of the negligence, and acts or omissions of Defendants, Plaintiff was caused to suffer significant harms, losses, pain, suffering, physical injury and damages, including but not limited to those listed in this Complaint.

41. Plaintiff has incurred reasonable and necessary medical expenses in order to alleviate his pain and suffering and he will continue to incur said expenses in the future.

## **PUNITIVE DAMAGES**

42. Plaintiff incorporates paragraphs 1-41 as if restated here verbatim.

43. The actions of the Defendants and its employees, agents, and contractors alleged herein constitute a conscious disregard of substantial and unjustified risk of injury and/or death to the public, including Plaintiff Sammie Simpson, and constitutes a gross deviation from the standard of care that an ordinary person or business owner would exercise under the circumstances, which rises to the level of recklessness entitling Plaintiffs to a substantial award of punitive damages.

44. The Plaintiffs seek punitive damages for the Defendant's actions.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Sammie Simpson, respectfully prays:

1. That the Plaintiff be awarded the present cash value of any medical care and treatment that he will have to undergo;

2. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, according to proof;

3. That Plaintiff be awarded compensatory damages in the amount of One Million Dollars ($1,000,000.00);

4. That Plaintiff be awarded punitive damages in the amount of Two Million Dollars ($2,000,000.00); and

5. That Plaintiff be awarded all costs, including discretionary, pre-judgment interest, post-judgment interest, attorney's fees and expenses, and for any other relief the court deems equitable and proper.

Plaintiffs also pray for damages as they may appear on the trial of this cause reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief justified by the facts under the law or equity.

Respectfully submitted,

THE REAVES LAW FIRM, PLLC

Juan T. Williams (Bar No. 27626)
Jennifer H. Collins (Bar No. 27985)
James D. Davis, Jr. (Bar No. 37113)
4466 Elvis Presley Blvd., Suite 310
Memphis, Tennessee 38116
Telephone: (901) 417-7166
Facsimile: (901) 567-8731
*Attorneys for Plaintiff*

**CERTIFIED MAIL**

7016 2710 0000 3567 6700



The Reaves Law Firm
4466 Elvis Presley Blvd., Suite 310
Memphis, TN 38116





US POSTAGE PITNEY BOWES

02 1P         $005.89⁰
0000788935  DEC 17 2018
MAILED FROM ZIP CODE 38116

United Parcel Service, Inc.
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203

**FILED**
DEC 14 2018
CIRCUIT COURT CLERK
BY _____ D.C.

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. CT-005043-18

☉ Lawsuit
○ Divorce

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| SAMMIE SIMPSON | VS | UNITED PARCEL SERVICE, INC. and JOHN DOE |

TO: (Name and Address of Defendant (One defendant per summons))

United Parcel Service, Inc.
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203

Method of Service:
☉ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Jennifer H. Collins & James R. Davis Plaintiff's attorney, whose address is 4466 Elvis Presley Blvd., Suite 310, Memphis, TN 38116

telephone 901-417-7166    within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____   By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:

Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE <u>ONLY</u>, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____M. a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                                  By: _____
                                                                          Sheriff or other authorized person to serve process